LANDAW *v.* TUCKER FREIGHT LINES, INC.

[No. 1169A218. Filed November 24, 1970. Rehearing denied December 21, 1970. Transfer denied September 2, 1971.]

*George P. Roberts, Hammerschmidt, Bonewitz & Roberts,* of South Bend, for appellant.

*Isadore D. Rosefeld,* of South Bend, for appellee.

CARSON, J.—This is an appeal by plaintiff-appellant from a negative judgment entered by the St. Joseph Superior Court. Trial was by the court, without jury.

The issues were formed by plaintiff's complaint in one paragraph and defendant's answer thereto pursuant to Rule 1-3, Rules of the Supreme Court of Indiana, and a pre-trial conference and order.

Plaintiff's complaint alleged, in substance, that plaintiff was employed by appellee in 1951 in South Bend, Indiana, and continued to work for appellee until his discharge in 1959. In 1955 he was transferred to appellee's Gary terminal. During all of his employment plaintiff was a member in good standing of the Teamster's Union. Plaintiff further alleged that on or about February 1, 1958, plaintiff-appellant's bargaining unit entered into a collective bargaining agreement with appellee which agreement established wages, hours and terms of employment; that plaintiff-appellant performed all of the conditions of the contract which were not otherwise waived by appellee; and that on or about the 29th day of April, 1959, appellant was discharged. Plaintiff-appellant alleged that the sole reason being given for his discharge was

his refusal to purchase his own truck and become an owner-operator for the defendant-company. Plaintiff further alleged that appellee continued to keep in its employ persons with less seniority than appellant in violation of the collective bargaining agreement; that appellee wrongfully withheld from appellant the sum of $292; and that appellant was damaged in the amount of $9,135.55 as a result of the action of defendant-appellee. To appellant's complaint appellee filed an answer first denying the discharge of appellant in breach of the collective bargaining agreement, and, secondly, denying that appellant had filed a written notice of appeal from his discharge; that appellant had failed to follow the grievance procedures as required by the contract; and further denied that plaintiff-appellant sustained any damage.

The issues before the trial court which are pertinent to this appeal may be summarized as follows:

"a. Did the Appellee fire Appellant in breach of its collective bargaining agreement?

"b. Whether Appellant did all he was required to do under the contract."

The trial court found for defendant-appellee on all of the above issues. Following the entry of judgment, plaintiff-appellant filed a motion for new trial assigning as error that the decision of the court is contrary to law. The motion for new trial was overruled. Appellant's sole assignment of error is the overruling of the motion for new trial.

THE DECISION OF THE COURT IS CONTRARY TO LAW

The assignment of error to the effect that the decision of the court is contrary to law presents for our consideration the determination of whether or not appellant has demonstrated reversible error under the requirements of the rule laid down in *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 104 N. E. 2d 669.

"It is only where the evidence is without conflict and can lead to but one conclusion, and the trial court has reached

an opposite conclusion, that the decision of the trial court will be set aside on the ground that it is contrary to law." See also: *Hinds, Executor etc.* v. *McNair, et al.* (1956), 235 Ind. 34, 129 N. E. 2d 553.

Appellee argues that there is conflict in the evidence as to whether Landaw was actually discharged by the President of Tucker Freight Lines, Inc. We do not agree. Both Landaw and Konkle testified that appellant-Landaw had been discharged by the President of Tucker Freight Lines, Inc. in the lobby of the Gary Hotel following the April 29, 1959, meeting between the Union and representatives of Tucker Freight Lines, Inc. Appellee contends the conflicting testimony was elicited from Sam Raitzin, President of Tucker Freight Lines, Inc.

"Q. Now did you tell Mr. Landaw he was fired?
"A. I don't recall anything of that. I may, I may not, I don't recall that I fired any individual personally."

Mr. Raitzin did not deny or affirm the discharge. His testimony, in short, amounted to nothing, neither affirmance nor contradiction of the evidence given by Landaw and Konkle.

Appellee next argues that the case before us should be judged upon the conclusions of law found in *Tucker Freight Lines, Inc.* v. *Konkle* (1968), 143 Ind. App. 501, 15 Ind. Dec. 735, 241 N. E. 2d 371. *Tucker, supra,* involved an employee who had been union steward receiving and processing grievances of members and who was refused employment when he declined to purchase or lease a truck in line with his duties as truck driver for Tucker Freight Lines, Inc. This court held in *Tucker Freight Lines, Inc.* v. *Konkle, supra,* that the employee in *Tucker* did not exhaust his grievance procedures and was not entitled to recover against the employer in court action. The present case may be distinguished from *Tucker Freight Lines, Inc.* v. *Konkle, supra,* in that nowhere in *Tucker* do we find any mention of the Union's *wrongful refusal* to process an appeal for the discharged employee.

The uncontroverted evidence in the case before us clearly demonstrates that the actions and words of the Union officials, as far as Landaw was concerned, would have made any appeal fruitless and, at the most, a hollow gesture. Equity has long held that it will look to substance of a situation and not to the form; nor does equity require to be done that which is fruitless. *Cantwell* v. *Cantwell* (1957), 237 Ind. 168, 143 N. E. 2d 275; *Kerfoot* v. *Kessener* (1949), 227 Ind. 58, 84 N. E. 2d 190.

Furthermore, the United States Supreme Court in *Vaca* v. *Sipes* (1967), 386 U. S. 171, at 185-186, 87 S. Ct. 903, 17 L. Ed. 2d 842, stated:

> "We think that another situation when the employee may seek judicial enforcement of his contractual rights arises if, as is true here, the union has sole power under the contract to invoke the higher stages of the grievance procedure, *and* if, as is alleged here, the employee-plaintiff has been prevented from exhausting his contractual remedies by the union's *wrongful* refusal to process the grievance. It is true that the employer in such a situation may have done nothing to prevent exhaustion of the exclusive contractual remedies to which he agreed in the collective bargaining agreement. But the employer has committed a wrongful discharge in breach of that agreement, a breach which could be remedied through the grievance process to the employee-plaintiff's benefit were it not for the union's breach of its statutory duty of fair representation to the employee. To leave the employee remediless in such circumstances would, in our opinion, be a great injustice. We cannot believe that Congress, in conferring upon employers and unions the power to establish exclusive grievance procedures, intended to confer upon unions such unlimited discretion to deprive injured employees of all remedies for breach of contract. Nor do we think that Congress intended to shield employers from the natural consequences of their breaches of bargaining agreements by wrongful union conduct in the enforcement of such agreements. Cf. Richardson v. Texas & N. O. R. Co., 242 F2d 230, 235, 236 (CA 5th Cir).

> "For these reasons, we think the wrongfully discharged employee may bring an action against his employer in the

face of a defense based upon the failure to exhaust contractual remedies, provided the employee can prove that the union as bargaining agent breached its duty of fair representation in its handling of the employee's grievance."

The United States Supreme Court further held in *Vaca* at 184 of 386 U. S. that:

"[I]f the wrongfully discharged employee himself resorts to the courts before the grievance procedures have been fully exhausted, the employer may well defend on the ground that the exclusive remedies provided by such a contract have not been exhausted. Since the employee's claim is based upon breach of the collective bargaining agreement, he is bound by terms of that agreement which govern the manner in which contractual rights may be enforced. *For this reason, it is settled that the employee must at least attempt to exhaust exclusive grievance and arbitration procedures established by the bargaining agreement. Republic Steel Corp.* v. *Maddox,* 379 U. S. 650, 85 S. Ct. 614, 13 L. Ed. 2d 580." (Emphasis supplied)

In our opinion appellant met the test in *Vaca* in that it is obvious from the evidence that any attempt by appellant-Landaw to prosecute a written appeal through his Union would have been for naught. Appellant's only logical recourse under these circumstances was to the courts, and no reasonable reading of the law could hold otherwise.

Appellant having shown reversible error, the judgment of the trial court should be reversed.

Judgment reversed with instructions to grant appellant's motion for a new trial.

Lowdermilk, C.J. and Sullivan, J., concur.

Lybrook, J., not participating.

NOTE.—Reported in 263 N. E. 2d 756.