**AETNA INSURANCE COMPANY OF the MIDWEST, Appellant (Plaintiff Below),**

v.

**MONTEITH TIRE COMPANY, INC., and Midland Insurance Company, Appellees (Defendants Below).**

**No. 3–1281A324.**

Court of Appeals of Indiana, Third District.

Jan. 11, 1983.

Rehearing Denied Feb. 18, 1983.

Gary P. Price, Charles T. Jennings, Dutton, Kappes & Overman, Indianapolis, for appellant.

Thomas R. Lemon, Michael E. Armey, Rasor, Harris, Lemon & Reed, Warsaw, for appellee Monteith Tire Co., Inc.

Roland Obenchain, Thomas F. Lewis, Jr., Jones, Obenchain, Johnson, Ford, Pankow & Lewis, South Bend, for appellee Midland Ins. Co.

HOFFMAN, Presiding Judge.

W. Robert Tucker was injured when a recapped tire mounted by Monteith Tire Company, Inc., on a truck owned by Maple Leaf Farms, exploded or separated, causing a part of the rim assembly to strike Tucker, an employee of Maple Leaf Farms. Thereafter, W. Robert Tucker and Carole J. Tucker filed an action for personal injuries against Monteith and two other corporate defendants alleging negligence and strict liability.

At the time of the accident, Monteith was insured by two insurance companies, Aetna Insurance Company and Midland Insurance Company. Monteith made a demand for defense and indemnification under both insurance policies. Both insurance companies undertook a defense of Monteith under a full reservation of rights.

Subsequently, Aetna filed suit for declaratory relief requesting the trial court to declare the rights and obligations as between Aetna and Monteith pursuant to the claim made by Monteith for defense and indemnification of the Tucker complaint. Aetna based its denial of Monteith's claim on the following exclusion contained in Monteith's insurance policy with Aetna:

### "PRODUCTS LIMITATION ENDORSEMENT

In consideration of a premium reduction, it is agreed that such insurance as is afforded by the Bodily Injury Liability Coverage and Property Damage Liability Coverage does not apply to Bodily Injury or Property Damage included within the completed operations hazard or products hazard for any tire retreading, recapping operations or the sales or service of same. ACCEPTED  /s/  Ray W. Monteith"

*Record* at 153.

Aetna filed a Motion for Judgment on the Pleadings, or in the Alternative, Summary Judgment. Monteith responded with a Motion for Summary Judgment. The trial court entered summary judgment against Aetna and in favor of Monteith on its cross-motion for summary judgment.

Aetna now seeks appellate review of the trial court's decision, contending the Products Limitation Endorsement contained in the insurance policy exempts Aetna from defense and indemnification of Monteith with respect to the Tucker claim.

■ Summary judgment is not a procedure for trying facts and determining the preponderance of the evidence, but rather it is a procedure for applying the law to the facts when no factual controversy exists. *Central Realty, Inc. v. Hillman's Equip.,* *Inc.* (1969), 253 Ind. 48, 246 N.E.2d 383. The standard of review applied by courts of appeal is the same as that of trial courts; summary judgment is proper only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *F.W. Means & Co. v. Carstens* (1981), Ind.App., 428 N.E.2d 251.

■ The Products Limitation Endorsement in the insurance policy was a provision which was bargained for by the parties to the policy. It was specifically accepted by Ray W. Monteith, and as consideration for the endorsement, Monteith received a premium reduction. The policy which Monteith had with Midland, however, explicitly provided coverage for the retreading and recapping operations of Monteith.

Monteith argues that nowhere within the four corners of the Tucker complaint was it alleged that a recapped tire caused or contributed in any manner to the injuries received by Tucker. However, allegation number 7 of the Tucker complaint reads:

"7. Monteith was negligent in reassembling the truck rim *and in mounting the recapped tire.*" (Emphasis added.)

*Record* at 212.

Therefore, the mounting of the recapped tire is at issue.

Monteith asserts that merely mounting the recapped tire does not fall within the definition of "service" so as to exclude the action from coverage pursuant to the endorsement. We must disagree. "Service" can be defined as follows:

" . . . 7. Installation, maintenance, or repairs provided or guaranteed by a dealer or manufacturer."

*The American Heritage Dictionary* (1976), p. 1185.

Mounting the recapped tire, as alleged in the Tucker complaint, does fall within the definition of "service" as it appears in the Products Limitation Endorsement of the insurance policy. Therefore, Aetna is not bound to defend and indemnify Monteith for a claim based on the allegations in the

Tucker complaint, and the judgment of the trial court is reversed.

Reversed.

BUCHANAN, C.J., participating by designation, and STATON, J., concur.