Roger McBRIDE, Gene Pate, Larry Robb, and Phillip Graul, Appellants (Plaintiffs Below),

v.

William M. COX, Vernon Blankenberger, Edward Yeida, Jack Morlock, Clarence Sallweachter, John Schmitzer, Dempsey Funkhouser, Gene Mulkey, Martin Redman, Charles Blakely, Anthony Martin, and Posey County Sheriff's Department, Appellees (Defendants Below).

No. 82A01–9010–CV–391.

Court of Appeals of Indiana, First District.

Feb. 26, 1991.

Rehearing Denied April 4, 1991.

Mary Jane Humphrey, Evansville, for appellants.

Marc Hawley, Hawley, Hudson & Almon, Mt. Vernon, for appellees.

ROBERTSON, Judge.

Roger McBride, Gene Pate, Larry Robb, and Phillip Graul, jailers at the Posey County jail [jailers], appeal the trial court's entry of summary judgment against them in their action for overtime wages under the Fair Labor Standards Act [FLSA] against their employer, the Posey County Sheriff's Department et al. [Posey County]. Appellees, Posey County et al., cross-appeal the trial court's entry of summary judgment against them on their counterclaim for attorney fees brought pursuant to IND.CODE 34–1–32–1(b) which authorizes an award of attorney fees to defend claims which are frivolous, unreasonable, or groundless. We affirm the summary judgment against the jailers. We reverse the summary judgment against Posey County and remand for a hearing to determine the appropriate amount of attorney's fees to be awarded under the counterclaim.

### FACTS

The undisputed facts indicate that—because the jail cannot close on week-ends and holidays—the jailers work a 28 day "tour of duty" as follows: 7 days on and 2 off, 7 on and 1 off, and 7 on and 4 or 4½ off. The jailers receive a monthly salary each calendar month. The jailers receive bonus pay if they work a holiday and receive compensatory time on a case by case basis. The jailers are paid overtime wages calculated on the basis of 171 hours per 28 day tour of duty—Posey County's interpretation of the overtime wage calculation appropriate for jailers under the FLSA.

The jailers' duties include janitorial work, building maintenance, booking, handcuffing, and caring for prisoners, breaking up fights between inmates, and whatever else needs to be done at the jail. The jailers wear uniforms but do not carry weapons or have the power to arrest.

The jailers requested the court to award them back wages for overtime calculated on the basis of 40 hours in any work week—the jailers' interpretation of the FLSA requirements. The jailers also requested the court to order Posey County to give them a job description, a thirteenth paycheck every year, and bonus pay for holidays not worked.

### DECISION

Initially, we must set out the well-settled standard for summary judgment. The purpose of summary judgment is to terminate

litigation about which there can be no factual dispute and which may be determined as a matter of law. *Bassett v. Glock* (1977), 174 Ind.App. 439, 368 N.E.2d 18. When we review a motion for summary judgment, we apply the same standard as that employed by the trial court. *King v. Bartholomew County Hosp.* (1985), Ind. App., 476 N.E.2d 877, *trans. denied.* Summary Judgment is appropriate only when the pleadings, depositions, answers to interrogatories, and admissions, affidavits, and testimony, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.* Any doubt as to the existence of a genuine issue of material fact must be resolved against the party moving for summary judgment. *Peterson v. Culver Educational Foundation* (1980), Ind. App., 402 N.E.2d 448. For purposes of determining if summary judgment is appropriate, a fact is said to be material if its existence facilitates the resolution of any of the issues involved. *Anderson v. State Farm Mut. Auto Ins. Co.* (1984), Ind.App., 471 N.E.2d 1170. Summary judgment is appropriate when there is no dispute or conflict regarding facts which are dispositive of the dispute. *Madison County Bank & Trust Co. v. Kreegar* (1987), Ind., 514 N.E.2d 279. Summary judgment is a lethal weapon and courts must be mindful of its aims and targets and beware of overkill in its use. *Mayhew v. Deister* (1969), 144 Ind.App. 111, 244 N.E.2d 448.

## I.

### Computation of Overtime Pay

■ The issue central to this appeal may be stated as follows:

Whether the jailers are entitled to overtime pay after working forty (40) hours in a workweek under the Fair Labor Standards Act?

The pertinent parts of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., read as follows:

**(a) Employees engaged in interstate commerce; additional applicability to employees pursuant to subsequent amendatory provisions**

(1) Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

\*   \*   \*   \*   \*   \*

**(k) Employment by public agency engaged in fire protection or law enforcement activities**

No public agency shall be deemed to have violated subsection (a) of this section with respect to the employment of any employee in fire protection activities or any employee in law enforcement activities (including security personnel in correctional institutions) if—

(1) in a work period of 28 consecutive days the employee receives for tours of duty which in the aggregate exceed the lesser of (A) 216 hours, or (B) the average number of hours (as determined by the Secretary pursuant to section 6(c)(3) of the Fair Labor Standards Amendments of 1974) in tours of duty of employees engaged in such activities in work periods of 28 consecutive days in calendar year 1975; or

(2) in the case of such an employee to whom a work period of at least 7 but less than 28 days applies, in his work period the employee receives for tours of duty which in the aggregate exceed a number of hours which bears the same ratio to the number of consecutive days in his work period as 216 hours (or if lower, the number of hours referred to in clause (B) of paragraph (1)) bears to 28 days,

compensation at a rate not less than one and one-half times the regular rate at which he is employed.

The jailers argue that subsection (k) above does not apply because they do not meet the statutory definition of "any employee in law enforcement activities (including security personnel in correctional insti-

tutions)." Therefore, they assert they are entitled to overtime based upon employment in excess of a forty hour workweek under subsection (a) above. Posey County argues subsection (k) does apply. The jailers appear to concede that if subsection (k) does apply to them, it has been applied correctly.

The definition of law enforcement activities, (including security personnel in correctional institutions) as used in the above statute is set out in 29 CFR § 553.211 as follows:

> (a) As used in [29 U.S.C. § 207(k)], the term "any employee ... in law enforcement activities" refers to any employee (1) who is a uniformed or plainclothed member of a body of officers and subordinates who are empowered by State statute or local ordinance to enforce laws designed to maintain public peace and order and to protect both life and property from accidental or willful injury, and to prevent and detect crimes, (2) who has the power to arrest, and (3) who is presently undergoing or has undergone or will undergo on-the-job training and/or a course of instruction and study which typically includes physical training, self-defense, firearm proficiency, criminal and civil law principles, investigative and law enforcement techniques, community relations, medical aid and ethics.

> \*    \*    \*    \*    \*    \*

> (f) The term "any employee in law enforcement activities" also includes, by express reference, "security personnel in correctional institutions." A correctional institution is any government facility maintained as part of a penal system for the incarceration or detention of persons suspected or convicted of having breached the peace or committed some other crime. Typically, such facilities include penitentiaries, prisons, prison farms, county, city and village jails, precinct house lockups and reformatories. Employees of correctional institutions who qualify as security personnel for purposes of the section 7(k) exemption are those who have responsibility for controlling and maintaining custody of inmates

and of safeguarding them from other inmates or for supervising such functions, regardless of whether their duties are performed inside the correctional institution or outside the institution (as in the case of road gangs). These employees are considered to be engaged in law enforcement activities regardless of their rank (e.g., warden, assistant warden or guard) or of their status as "trainee," "probationary," or "permanent," and regardless of their assignment to duties incidental to the performance of their law enforcement activities, or to support activities of the type described in paragraph (g) of this section, whether or not such assignment is for training or familiarization purposes or for reasons of illness, injury or infirmity.

The jailers assert that they do not meet the three step test set out in 29 CFR § 553.211(a) necessary to satisfy the statutory term "any employee in law enforcement activities" because—among other things—they do not have the power to arrest. Therefore, they argue, the 29 U.S.C. § 207(k) exception to the 29 U.S.C. § 207(a) forty hour workweek rule does not apply to them and they are entitled under the FLSA to overtime pay for hours worked in excess of the forty hours in any workweek.

We disagree. The jailers have simply ignored 29 CFR § 553.211(f) as set above which plainly reads that "[t]he term 'any employee in law enforcement activities' *also includes, by express reference, 'security personnel in correctional institutions.'*" (emphasis ours). The three step test contained in 29 CFR § 553.211(a) is not included in the definition of security personnel in correctional institutions as provided by 29 CFR § 553.211(f).

We agree with the trial court that the Posey County jailers *clearly* fit the 29 CFR § 553.211(f) definition of security personnel in correctional institutions. Therefore, the 29 U.S.C. § 207(k) exception to the forty hour workweek rule is applicable to the jailers and the trial court correctly entered summary judgment against the jailers on their claim for overtime wages.

## II.
## Posey County's
## Counterclaim/Cross–Appeal

At the outset, we feel the need to discuss the procedural posture of this cross-appeal. Posey County filed and maintained a counter-claim for attorney fees based on IND.CODE 34–1–32–1(b) alleging the claims of the jailers were frivolous, unreasonable, or groundless. The trial court granted summary judgment against Posey County in favor of the jailers on the counterclaim. Posey County raised this cross-appeal in their appellees' brief. The jailers have not filed a reply brief or responded to the cross-appeal in any way.

We believe the procedural posture of this cross-appeal is substantively equivalent to the case where an appellee fails to provide us with an appellee brief. It is well-settled that where no answer brief has been filed, the judgment may be reversed if the appellant's brief presents a prima facie case of error. *National Mut. Ins. Co. v. Eward* (1987), Ind.App., 517 N.E.2d 95. The reason for the prima facie error rule is to protect the Court of Appeals and relieve it from the burden of controverting arguments advanced for reversal, a duty which properly rests upon counsel for appellee. *Id.* In the context of prima facie error analysis on appeal, we have noted that it is not our responsibility to develop arguments for either party. *Fisher v. Board of School Trustees of Mt. Pleasant Tp. Community Schools, Delaware County, Inc.* (1986), Ind.App., 514 N.E.2d 626, 42 Ed.Law Rep. 892.

We are aware of no authority for the application of the prima facie error rule to a case such as this one where the "appellant" has failed to file an answer or reply brief to the "appellees'" cross-appeal. However, we believe the application of the prima facie error rule is especially appropriate in the present case where both parties submitted their claims to the trial court on cross-motions for summary judgment, the trial court entered summary judgment against each party on its claim, and each party raised the granting of summary judgment against it on appeal. We are faced with a problem identical to the one the rule was designed to ameliorate. We must analyze Posey County's cross-appeal without the benefit of a rebuttal brief. We do not believe there is a rational reason to make the application of the prima facie error rule contingent upon the color of a party's brief. Such an application would exalt form over substance—a result we abhor. *Landaw v. Tucker Freight Lines, Inc.* (1970), 148 Ind. App. 48, 263 N.E.2d 756.

Therefore, we will analyze Posey County's cross-appeal under the prima facie error standard. That is, we will reverse the trial court's granting of summary judgment against Posey County on its counterclaim if Posey County has demonstrated prima facie error in its brief. Prima facie error is error at first sight, on first appearance, or on the face of it. *Johnson County Rural Elec. Membership Corp. v. Burnell* (1985), Ind.App., 484 N.E.2d 989.

Posey County's counterclaim is based upon I.C. 34–1–32–1(b) which reads as follows:

> In any civil action, the court may award attorney fees as part of the cost to the prevailing party, if it finds that either party:
>
> > (1) brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless;
> >
> > (2) continued to litigate the action or defense after the parties' claim or defense clearly became frivolous, unreasonable, or groundless; or,
> >
> > (3) litigated the action in bad faith.

The trial court—in entering summary judgment against the jailers on their claim for overtime pay—noted that the jailers were "clearly 'security personnel' as defined by the FLSA." The trial court found that the jailers had not stated a cause of action with regard to their request that the trial court order the Sheriff's Department to promulgate a job description. The trial court found further that:

> [the jailers] have presented no authority for their proposition that they should be paid for holidays which they do not work.

In fact, Roger McBride testified they should not.

Nevertheless, the trial court found and adjudged that:

All parties and their attorneys have acted in good faith.[1]

No Attorney fees or other assessments may properly be allowed.

Judgment is entered against the Defendants on their Counterclaim.

As stated above, in summary judgment cases, the standard of review applied by the Court of Appeals is the same as that of the trial court. *Aetna Ins. Co. of Midwest v. Monteith Tire Co., Inc.* (1983), Ind.App., 443 N.E.2d 880. Summary judgment is proper only where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Id.* Therefore, we will conduct our own determination of whether Posey County is entitled to summary judgment on its counterclaim.

In *Kahn v. Cundiff* (1989), Ind.App., 533 N.E.2d 164, adopted, (1989), Ind., 543 N.E.2d 627, we examined an award of attorney fees under I.C. 34–1–32–1(b). We noted that while subsection (b)(3) authorizes an award of attorney fees if a party brings an action in bad faith, subsections (b)(1) and (b)(2) authorize an award of attorney fees for the defense of any frivolous, unreasonable, or groundless claim absent any improper motive. We noted further that:

these subsections clearly contemplate an examination of the legal and factual basis of a claim and the arguments advanced in support thereof.

533 N.E.2d at 171. We promulgated two criteria for determining whether a claim is frivolous as follows:

(b) if the lawyer is unable to make a good faith *and* rational argument on the merits of the action, or (c) if the lawyer is unable to support the action taken by a good faith *and* rational argument for an extension, modification, or reversal of existing law.

533 N.E.2d at 170 (emphasis ours). We noted further that a claim or defense is groundless if no facts exist which support the legal claim relied on and presented by the losing party. *Id.*

In the case at bar, with respect to the jailors' claim of entitlement to overtime wages under the FLSA, the jailers' attorney simply ignored the unambiguous language of 29 CFR § 553.211(f) which defines security personnel in correctional institutions. Posey County pointed out the plain language of the regulation early in the proceedings. While we sympathize with anyone who must interpret federal law, the jailers' attorney's pursuit of the claim for overtime wages—in the face of the unambiguous language of the statute and the regulation—was perhaps irrational and certainly unreasonable and groundless.

With respect to the jailers' claims for an order from the court for a job description, a thirteenth pay check each year, and pay for holidays not worked, we are unable to discern any legal or factual basis argued by the jailers' attorney in support of these claims. Therefore, we must conclude these claims were unreasonable, frivolous, and groundless.

Based on the foregoing, we conclude that Posey County has demonstrated prima facie error with respect to its cross-appeal. Therefore, we reverse and remand with instructions that the trial court enter judgment in favor of Posey County on its counterclaim and hold a hearing to determine an appropriate amount of attorney fees to be awarded thereunder.

Judgment affirmed in part and reversed in part.

RATLIFF, C.J., and BAKER, J., concur.

---

**1.** This fact was stipulated by the parties.