**Douglas C. HOLLAND,**
**Appellant–Plaintiff,**

v.

**MIAMI SYSTEMS, INC.,**
**Appellee–Defendant.**

No. 16A04–9302–CV–34.

Court of Appeals of Indiana,
Fourth District.

Nov. 30, 1993.

Douglas C. Holland, Lawrenceburg, for appellant-plaintiff.

W. Gregory Coy, Eaton & Romweber, Versailles, for appellee-defendant.

CHEZEM, Judge.

### Case Summary

Plaintiff-appellant, Douglas C. Holland ("Holland"), appeals from an award of attorney's fees in his favor against Defendant-appellee, Miami Systems, Inc. ("Systems"). Systems cross-appeals from the same award. On Holland's appeal, we re-

verse and remand. On System's cross-appeal, we affirm.

### Issues

Holland presents three issues for our review, which we consolidate and restate as follows:

1. Whether the trial court properly granted Systems a setoff against Holland's judgment.

2. Whether the trial court properly denied Holland prejudgment interest on his attorney fees.

Systems presents five issues for our review on cross-appeal, which we consolidate and restate as follows:

1. Whether the trial court properly applied Indiana law in ruling on the motions for summary judgment.

2. Whether the trial court properly denied Systems' motion for summary judgment.

3. Whether the trial court properly granted summary judgment in favor of Holland on Systems' counter-claim.

### Facts and Procedural History

On November 25, 1987, Montana Schuh ("Schuh") was injured in a car accident in Dearborn County, Indiana. Schuh's auto insurance policy covered the first $5,000 of her medical bills and did not subrogate the claim because the company also insured the driver who caused the accident.

Schuh required a back operation as a result of the accident. She later had to undergo surgery to remove a tumor from her neck, but the tumor was determined to not have been a result of the accident. Schuh's employer, Systems, covered these medical expenses under its employee medical plan. Systems required Schuh to sign a subrogation agreement in May of 1989.

In early 1989, Schuh hired Holland as her attorney on a contingency basis and sued Richard Simcox, the driver who caused the accident. Schuh settled with Simcox's insurance company for $100,000. Schuh notified the trial court of Systems' subrogation rights and also notified Systems of the settlement. The trial court placed the set-tlement funds in an interest bearing escrow account and gave Systems a time period to make a claim.

Systems made a claim of $75,000 against Schuh's settlement amount. Schuh refused to agree to this demand and System sued Schuh for a declaratory judgment. A jury awarded Systems only $35,000 for medical fees relating to the car accident. Holland requested that Systems pay him ⅓ of this amount for his fees in making the settlement. Systems refused Holland's request, and Holland sued Systems to recover his fees as attorney. Systems filed a counter-claim against Holland for abuse of process.

Both Holland and Systems filed motions for summary judgment. The trial court granted summary judgment in favor of Holland on his claim and Systems' counter-claim. The trial court awarded Holland a judgment for ⅓ of Systems' $35,000 recovery, or $11,666.67. The trial court did not award Holland prejudgment interest on his fees. In addition, the trial court granted Systems a credit of $7,500 against Holland's judgment for fees paid by Systems to the firm of Eaton and Romweber in the case of *Miami Systems v. Schuh*. As a result of the credit, Holland's net judgment was $4,166.67. Holland now appeals this judgment, and Systems cross-appeals.

### Discussion and Decision

At the outset, we must discuss Systems' appellee brief. In its brief, Systems alleges five errors which it refers to as a "cross-appeal" and fails to reply to Holland's alleged errors. We believe this circumstance to be the equivalent of failing to provide us with an appellee brief. It is well-settled that where no answer brief has been filed, the judgment may be reversed if the appellant's brief presents a prima facie case of error. *McBride v. Cox* (1991), Ind. App., 567 N.E.2d 130, 134, *reh'g denied*, *trans. denied*. In the context of prima facie error analysis on appeal, this court has noted that it is not our responsibility to develop arguments for either party. *Id.* Therefore, we will analyze Holland's appeal under the prima facie error standard. Pri-

ma facie error is error at first sight, on first appearance, or on the face of it. *Id.*

## I.

Holland first contends the trial court improperly granted Systems a setoff of their attorney fees against his judgment. He argues that Systems was not entitled to a setoff and that the evidence of Systems' fees was not properly before the trial court.

■ The general rule is that each party to litigation pays his own legal fees. *City of Marion v. Antrobus* (1983), Ind. App., 448 N.E.2d 325, 332. Attorney's fees are not allowable in the absence of a statute, or in the absence of some agreement or stipulation specially authorizing their allowance. *Id.* This rule applies in courts of law as well as courts of equity. *Id.* In addition, a claim for attorney fees must be included in the principal suit or the claim is waived. *DPW v. Chair Lance Service, Inc.* (1988), Ind., 523 N.E.2d 1373, 1379.

In its order on the motions for summary judgment, the trial court found that Holland was entitled to a judgment of ⅓ of the $35,000 obtained by Systems against Schuh, by virtue of his representation of Schuh in her settlement from the accident. The trial court also found that Systems was entitled to a credit for the attorney fees it paid in its declaratory judgment suit against Schuh. The order is devoid of the court's reasoning behind this finding. Because the trial court offset Holland's award of $11,666.67 by Systems' $7,500 in attorney fees, Holland has been made to pay Systems' attorney fees.

■ The record indicates that Systems requested attorney fees in its counter-claim for abuse of process against Holland. The trial court denied Systems' counter-claim and granted summary judgment in favor of Holland. However, the trial court awarded attorney fees to Systems even after denying Systems' counter-claim. The trial court denied Systems' counter-claim but allowed it the relief sought in the claim. This action flies in the face of logic. We have held that a verdict may be overturned if it is legally or logically inconsistent. *Emerson v. Markle* (1989), Ind.App., 539 N.E.2d 35, 39, *trans. denied.* The set-off awarded to Systems is legally and logically inconsistent and therefore, should be reversed.

■ Furthermore, the trial court was restricted in the materials it could consider, pursuant to Ind.Trial Rule 56. Here, the trial court could properly consider only the evidence designated by the parties at the time of the filing of the motion or response. Ind.Trial Rule 56(C). Systems submitted evidence of its attorney fees in a letter mailed to the trial court *after* the summary judgment hearing. According to Systems' letter, the attorney fees from *Miami Systems v. Schuh* were $11,184.49. A detailed billing was not sent to the court. Systems failed to designate the letter as evidence to be considered by the trial court. Because Systems did not designate the letter in its motion for summary judgment, the trial court improperly considered the material contained in the letter in rendering a decision on the motions.

Based on the foregoing, we conclude that Holland has made a prima facie showing that the trial court erred in granting Systems a setoff of its attorney fees against the judgment owed to Holland. Therefore, we reverse and remand to the trial court to enter judgment of $11,666.67 in favor of Holland.

## II.

Holland also contends the trial court improperly denied him prejudgment interest on his attorney fees.

■ Prejudgment interest is proper when the damages awarded are ascertainable in accordance with the fixed rules of evidence and known standards of value. *Community State Bank Royal Center v. O'Neill* (1990), Ind.App., 553 N.E.2d 174, 177. This court has also held that a prejudgment interest award is justified only when there has been an unreasonable delay in payment of ascertainable amounts. *Gibson–Lewis Corp. v. Northern Indiana Public Service Co.* (1988), Ind.App., 524

N.E.2d 1316, 1319, *reh'g denied, trans. denied.*

In its findings of fact, the trial court found that Holland was not entitled to prejudgment interest because a good faith dispute existed concerning Holland's claim. Because this case was before the trial court on motions for summary judgment, we apply the same standard as the trial court in reviewing the case. *Inland Steel v. Pequignot* (1993), Ind.App., 608 N.E.2d 1378, 1381, *trans. denied.* Thus, no deference is given by us to the trial court's findings or judgment. *Id.* We must, therefore, determine whether Holland has shown that there are no genuine issues for trial and that he is entitled to summary judgment as a matter of law. *Pour v. Basic American Medical, Inc.* (1990), Ind.App., 555 N.E.2d 155, *reh'g denied.*

A review of the materials designated to the trial court for purposes of summary judgment indicates that Holland has failed to show that no genuine issues of material fact exist. Indeed, the issue of whether Systems reasonably or unreasonably delayed payment of Holland's attorney fees is inherently a disputed factual question. Therefore, we hold that summary judgment with regard to prejudgment interest was erroneous and remand to the trial court for trial.

Reversed and remanded to the trial court for proceedings consistent with this opinion.

*Cross–Appeal*

I.

Systems first contends the trial court erred in applying Indiana law in ruling on the motions for summary judgment. It argues the trial court should have applied Ohio law to this case.

The Uniform Judicial Notice of Foreign Law Act (UJNFLA), Ind.Code § 34-3-2 et seq., provides that "reasonable notice shall be given to the adverse parties either in the pleadings or otherwise" when requesting the trial court to apply the law of another jurisdiction. I.C. § 34-3-2-4 (1988).

This court has held that before a trial court can apply the laws of another state, a party must request that it do so. In addition, there must be reasonable notice to the adverse parties before such an application can be granted. *Jameson Chemical Co., Ltd. v. Love* (1980), Ind. App., 401 N.E.2d 41, 45. Failure to comply with the UJNFLA will result in the application of the law of Indiana. *Id.*

Although Systems argued to the trial court that Ohio law applied, it did not request the trial court to apply the law of Ohio to this case. Therefore, the trial court properly applied Indiana law in ruling on the motions for summary judgment.

II. & III.

Systems also contends the trial court improperly denied summary judgment in its favor on Holland's claim, and improperly granted summary judgment in favor of Holland on his claim and Systems' counterclaim.

In summary judgment proceedings, the burden of production is on the moving party to show that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. *Pour*, 555 N.E.2d at 155. The moving party must make a prima facie showing that 1) there is no issue of material fact, and 2) the movant is entitled to judgment as a matter of law. *Babinchak v. Town of Chesterton* (1992), Ind.App., 598 N.E.2d 1099, 1101, *reh'g denied.* As a reviewing court, we may consider only those parts of the record which have been designated by the parties in the motion or response. T.R. 56(C).

Systems designated the following materials for the trial court to consider in its motion for summary judgment:

1. Pleadings filed in this case [Holland v. Miami Systems].

2. All pleadings filed in the case "Miami Systems v. Montana Schuh."

3. Transcript of the trial in "Miami Systems v. Montana Schuh."

4. All exhibits submitted in "Miami Systems v. Schuh."

5. The judgment rendered in "Miami Systems v. Schuh."

As stated by this court previously, we, as a reviewing court, are no longer free to search the entire record to support the judgment of the trial court. *Inland Steel,* 608 N.E.2d at 1381. Although Systems designated materials to the trial for consideration in its summary judgment motion, it, in essence, designated the entire record in that it did not specify the parts of pleadings, etc. relied upon for the motion. Designating the entire record may be considered as failing to make the designation. Systems failed to show that there were no genuine issues of material fact or that it was entitled to judgment as a matter of law. *Babinchak,* 598 N.E.2d at 1101. The trial court did not err in denying Systems' motion for summary judgment.

Systems also argues Holland was not entitled to summary judgment on Holland's claim or Systems' counter-claim because Holland was not entitled to judgment as a matter of law.

I.C. § 34-4-41-4 states:

An insurer claiming subrogation or reimbursement rights under this chapter shall pay, out of the amount received from the insured, the insurer's pro rata share of the reasonable and necessary costs and expenses of asserting the third party claim. These reasonable and necessary costs and expenses include, and we are not limited, to the following:

1) The cost of depositions.

2) Witness fees.

3) Attorney's fees to the lesser of the amount contracted by the insured for the insured's portion of the claim or thirty-three and one-third percent (33⅓%) of the amount of the settlement.

The insurance contract between Schuh (Holland's client) and Systems states in § C(2) that: "the pro rata expenses, such as lawyer's fees and court costs, incurred in effecting the third party payment may be deducted from repayment to [the insurer]." In addition, a letter from Systems' attorney to Holland states: "it is our contention that the expenses advanced by our clients [Systems], less the pro rata allocation of the legal fees, is due to Group Plans, Inc."

This evidence presented by Holland shows that there was no genuine issue of material fact and that he was entitled to judgment as a matter of law on his claim for attorney fees.

Systems' counter-claim for abuse of process stated "[w]hen settlement was reached by Plaintiff's client [Schuh], the contract gave Defendant [Systems] the right to collect all monies paid less costs and *attorney's fees.*" (emphasis added). Systems also stated that it won a jury verdict against Schuh to recover part of her settlement and wrongly incurred attorney's fees as a result of suing Schuh. In his reply to the counter-claim, Holland stated that Schuh refused to pay Systems the $75,600 they demanded from her $100,000 settlement because she believed it to be unreasonable. Holland also stated that Systems received a jury verdict against Schuh, but for only $35,000. In addition, Schuh's affidavit stated that she believed Systems was claiming medical expenses unrelated to her automobile accident and that this claim was totally unreasonable.

A party asserting abuse of process must show an ulterior motive and use of process that would not be proper in the normal prosecution of the case. *Archem, Inc. v. Simo* (1990), Ind.App., 549 N.E.2d 1054, 1061, *reh'g denied, trans. denied.* Taking all rational assertions of fact and reasonable inferences therefrom as true, *Jordan v. Deery* (1993), Ind., 609 N.E.2d 1104, 1107, there is no genuine issue of material fact. The undisputed facts do not show that Holland acted with an ulterior motive in counseling Schuh to reject Systems' demand against her settlement or in requesting his attorney fees from Systems. Therefore, Holland was entitled to judgment as a matter of law on Systems' counter-claim.

Affirmed as to Systems' cross-appeal.

MILLER and CONOVER, JJ., concurring.