David G. YATER and Pattee L. Yater,
Appellants–Defendants/Counter–
Claimants,

v.

Mark W. COY and Boring & Coy, P.C.,
Appellees–Plaintiffs/Counter–
Defendants.

No. 30A05–9608–CV–346.

Court of Appeals of Indiana.

June 12, 1997.

See also, 631 N.E.2d 511.

Raymond S. Robak, Robak & Murphy, Greenfield, for Appellants–Defendants/Counter–Claimants.

Nicholas C. Nizamoff, Lonnie D. Johnson, White & Raub, Indianapolis, for Appellees–Plaintiffs/Counter–Defendants.

## OPINION

BARTEAU, Judge.

David G. Yater and Pattee L. Yater (the Yaters) appeal the trial court's grant of summary judgment in favor of Mark W. Coy and

Boring & Coy, P.C. (Coy) on the Yaters' complaint for abuse of process. We affirm.

## FACTS

In June of 1990, E. Conn and Connie M. Hermann (Hermanns) purchased from the Yaters an unimproved parcel of real estate in the Hickory Hills Subdivision in Greenfield, Indiana. The Yaters were the owners/developers of the subdivision. When the Hermanns applied for a building and septic permit approximately two years later, the application was denied due to the unsuitability of the soil for a septic system.

Upon learning that the lot they purchased from the Yaters was unsuitable for building a home, the Hermanns sought a refund of the purchase price for the lot. When the Yaters refused the Hermanns' request, the Hermanns hired attorney Mark W. Coy to pursue a legal remedy. After consulting with the Hermanns and investigating the situation, Coy prepared a proposed complaint and faxed it to the Hermanns for review in late October of 1992. The Hermanns, apparently under the impression the complaint had been filed, informed a newspaper reporter that the lawsuit was pending and shared a copy of the proposed complaint with the reporter. Two newspaper articles were generated in part based on the Hermanns' contacts with the newspaper reporter. Coy filed the proposed complaint on November 4, 1992. The complaint alleged constructive fraud and actual fraud based on representations made by the Yaters' agent that a home could be built and a septic system maintained on the lot purchased by the Hermanns. The Yaters counter-claimed against the Hermanns alleging libel and abuse of process.

The Yaters filed for summary judgment on the Hermanns' complaint, contending that at the time the Hermanns purchased the lot they could have received a septic and building permit, and that it was only because of a rule change promulgated by the State Board of Health in December of 1990 that the Hermanns' lot became unsuitable for a septic system. The trial court granted summary judgment in favor of the Yaters and this court affirmed. *Hermann v. Yater*, 631 N.E.2d 511 (Ind.Ct.App.1994).

After remand, the Yaters amended their counter-claim to allege a claim against attorney Coy for libel[1] and abuse of process. Coy filed for summary judgment on the Yaters' counter-claim, and the trial court granted Coy's motion, finding there were no genuine issues of material fact with respect to the allegations against Coy and his law firm. The Yaters appeal.

## STANDARD OF REVIEW

Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). The burden is on the moving party to prove there are no genuine issues of material fact and he is entitled to judgment as a matter of law. Once the movant has sustained this burden, the opponent must respond by setting forth specific facts showing a genuine issue for trial; he may not simply rest on the allegations of his pleadings. *Stephenson v. Ledbetter*, 596 N.E.2d 1369, 1371 (Ind.1992). At the time of filing the motion or response, a party shall designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion. Ind. Trial Rule 56(C).

In this case, the trial court entered specific findings of fact and conclusions of law. Specific findings and conclusions are neither required nor prohibited in the summary judgment context. *Althaus v. Evansville Courier Co.*, 615 N.E.2d 441, 444 (Ind. Ct.App.1993). Although specific findings aid appellate review, they are not binding on this court. *Id.* Instead, when reviewing an entry of summary judgment, we stand in the shoes of the trial court. We do not weigh evidence, but will consider the facts in the light most favorable to the nonmoving party. *Reed v.*

---

1. The Yaters contend only that the trial court erred in granting summary judgment in favor of Coy on the legal claim of abuse of process. Thus, because the trial court granted summary judgment in favor of Coy on all pending matters, any claim regarding the libel allegation is now foreclosed.

*Luzny,* 627 N.E.2d 1362, 1363 (Ind.Ct.App. 1994), *trans. denied.*

### DISCUSSION

 A party asserting abuse of process must show an ulterior motive and use of process that would not be proper in the normal prosecution of the case. *Holland v. Miami Systems, Inc.,* 624 N.E.2d 478, 483 (Ind.Ct.App.1993), *trans. denied* (1994). "Otherwise stated, '[a]buse of process requires a finding of misuse or misapplication of process, for an end other than that which it was designed to accomplish.'" *Broadhurst v. Moenning,* 633 N.E.2d 326, 333 (Ind.Ct. App.1994) (quoting *Tancos v. A.W., Inc.,* 502 N.E.2d 109, 116 (Ind.Ct.App.1986), *trans. denied* (1987)). In support of his motion for summary judgment, Coy submitted his own affidavit establishing that he filed the complaint in order to pursue a legal remedy on behalf of his clients and that he had no objective in filing the complaint other than to obtain the relief prayed for in the complaint. R. 585–86. Coy also filed the expert affidavit of attorney J. Lee McNeely. McNeely's affidavit established that he reviewed the facts and the law related to the Hermanns' claim against the Yaters and that it was McNeely's opinion that Coy acted reasonably in filing the complaint, that the Hermanns' claims were worthy of litigation and that Coy's actions in filing the complaint were procedurally and substantively proper under the circumstances. R. 583–84. These affidavits satisfied Coy's initial burden, as the movant for summary judgment, to establish there was no genuine issue of material fact in relation to the abuse of process claim. The burden then shifted to the Yaters to respond by setting forth specific facts showing a genuine issue for trial in support of their claim that Coy had an ulterior motive in filing the lawsuit and in furtherance of that ulterior motive used process that would not be proper in the normal prosecution of the case.

In response to Coy's motion and evidence, the Yaters asserted that had Coy taken the time to investigate the Hermanns' allegations, he would have discovered the allegations were groundless. Thus, they posited, by failing to investigate, Coy embarked on a course of "deliberate action to libel, slander and defame the Yaters and to use the Court process to secure [that] end." R. 812. In other words, the Yaters' claim against Coy is based on Coy's alleged failure to substantiate the allegations contained in the Hermanns' complaint prior to preparing and filing the complaint. *See* Brief of Appellants at 28.

This court addressed a similar contention in *Wong v. Tabor,* 422 N.E.2d 1279 (Ind.Ct. App.1981), in relation to a claim for malicious prosecution. Noting that mere negligence in asserting a claim is not sufficient to subject an attorney to liability for bringing a suit, the *Wong* court quoted *Berlin v. Nathan:*

> To create liability only for negligence, for the bringing of a weak case, would destroy his efficacy as advocate of his client and his value to the court, since only the rare attorney would have the courage to take other than the "easy" case.

64 Ill.App.3d 940, 21 Ill.Dec. 682, 691, 381 N.E.2d 1367, 1376 (1978), *cert. denied,* 444 U.S. 828, 100 S.Ct. 53, 62 L.Ed.2d 36 (1979). With this in mind, the court developed a standard to be applied when reviewing a lawyer's decision to bring a lawsuit:

> We conclude that the objective standard which should govern the reasonableness of an attorney's action in instituting litigation for a client is whether the claim merits litigation against the defendant in question on the basis of the facts known to the attorney when suit is commenced. The question is answered by determining that no competent and reasonable attorney familiar with the law of the forum would consider that the claim was worthy of litigation on the basis of the facts known by the attorney who instituted suit.

*Wong,* 422 N.E.2d at 1288.

Here, Coy presented expert testimony contradicting the Yaters' claim that it was an abuse of process for Coy to initiate the Hermanns' suit against the Yaters without conducting a more complete investigation. To contradict this showing, it was incumbent upon the Yaters to present evidence that no competent and reasonable attorney familiar with the law of the forum would have considered the claim worthy of litigation on the basis of the facts known by Coy. The Yaters

presented no evidence on this issue. They presented only supposition and argument.

The Yaters recognize the applicability of *Wong*, but submit instead that this court should develop a new standard based on Indiana Trial Rule 11. Trial Rule 11 provides in part:

> The signature of an attorney constitutes a certificate by him that he has read the pleadings; that to the best of his knowledge, information, and belief, there is good ground to support it; and that it is not interposed for delay.... For a wilful violation of this rule an attorney may be subjected to appropriate disciplinary action.

■ Even were we to find the *Wong* standard inadequate, which we do not, Trial Rule 11 provides no guidance in this area. It requires only that an attorney have no knowledge that a claim is groundless. It does not impose any duty upon an attorney to conduct an investigation to supplement his knowledge.

While the Yaters surmise, based on what they designate as an inadequate investigation, that Coy was acting with an ulterior motive when he filed suit, the Yaters presented no evidence in support of this claim. Thus, because the burden shifted to the Yaters to establish a genuine issue of material fact, and they failed to designate an issue or present any evidence in support thereof, the trial court properly granted summary judgment in favor of Coy.

Affirmed.

SHARPNACK, C.J., and RUCKER, J., concur.