### In the Matter of the Hal Sefton WILLEY TRUST.

#### No. 1–581A178.

Court of Appeals of Indiana,
First District.

April 14, 1982.

Richard P. Watson, Watson & Rochford, Indianapolis, for appellants.

Don Hubert Wickens, Christopher E. Baker, Wickens, Wickens & Wilke, Greensburg, James S. Foster, Earnest, Foster, Eder & Levi, Rushville, for appellee.

ROBERTSON, Judge.

The beneficiaries of the Hal Sefton Willey Trust (Trust), Lucille Willey, Frieda Radar Bass, and Billy Dean Tiller (Beneficiaries) raised objections to the First and Second Current Accounts filed by the trustee, Decatur County Bank (Trustee). The trial court approved these accounts. The Beneficiaries appeal this decision alleging: 1) that the trial court erred by approving attorney's fees of $18,000, charged to the Trust for services rendered to the Trustee, in the First and Second Current Accounts because of inadequate documentation to justify the fees and because separate fees were charged to the Trust and to Hal Sefton Willey's estate (Estate) for single services; 2) that the accounts were negligently prepared because they did not show the purchase and redemption of a certificate of deposit, and because the trust's checking account balance was transposed with the trust's savings account balance; 3) that the trial court erred in approving the accounts because they incorrectly listed acreage for two parcels of real estate in the Trust corpus; 234.88 acres in one parcel rather than 240.65 acres and 76.55 acres in another parcel rather than 76.791 acres.

We affirm.

It is necessary to restate the issues before us. Although the Beneficiaries attempt to challenge all attorneys' fees charged to the Trust for services to the Trustee and contained in the First and Second Current

Accounts, our review has disclosed that the Beneficiaries' objections were directed at $6,000 paid to the firm of Wickens, Wickens, and Wilke. Not only was this fee the primary subject of the evidence relating to fees presented at trial, but additionally, the Beneficiaries failed to properly argue any other issues pertaining to attorneys' fees in either their motion to correct errors or their appellant's brief. Therefore, any other issues pertaining to the propriety of attorneys' fees have been waived. Ind.Rules of Procedure, Trial Rule 59(D); Appellate Rule 8.3(A)(7).

The $6,000 fee was charged for services rendered to the Trust from March 23, 1976, the date of Hal Sefton Willey's death, to July 29, 1978, and was included in the Trustee's First Current Account which was filed on October 13, 1978. Wickens, Wickens, and Wilke had also billed the Estate $12,000 for services rendered to July 26, 1978, the date the Estate was closed. The actual focus of the Beneficiaries' objections is that the $6,000 fee was improper because Wickens, Wickens, and Wilke billed the Trust for single services which had already been billed to the Estate and for which the firm had already been paid, an allegation of double-billing.

The Beneficiaries have also failed to properly present the issue of whether the acreage in the second parcel of farmland was correctly listed in the accounts by failing to argue the point in their brief. A.R. 8.3(A)(7). We note, however, that the alleged discrepancy 76.55 acres versus 76.791 acres is relatively minute.

In regard to the Beneficiaries' allegations that the accounts were negligently prepared because totals for the Trust's savings account and checking account were transposed and because the redemption of a certificate of deposit was not shown, there are no grounds for reversal. The Beneficiaries concede that all funds were ultimately properly accounted for after an explanation by the Trustee. The Trustee indicated that the reversal of the savings account and checking account balances was a typographic error. The actual amounts were correct.

The accounts reflected an initial certificate of deposit held as a Trust asset and interest earned on it; they later show another certificate of deposit. The Trustee explained that one six month certificate was redeemed and another one purchased. Absent a showing of improper management and resulting injury, there is no question of reversible error before us.

■ The Beneficiaries have preserved the issue of whether the account properly listed acreage for the first parcel of farmland, 234.88 acres versus 240.65 acres. This issue and the question of the $6,000 fee to Wickens, Wickens, and Wilke are properly before us. These issues were tried to the court. Therefore, we will not reverse the trial court's decision unless it is clearly erroneous. *Davis v. B.C.L. Enterprises*, (1980) Ind.App., 406 N.E.2d 1204, Ind.Rules of Procedure, Trial Rule 52.

■ We also note the general rule that a trustee bears the burden of justifying or proving the propriety of items in a trust account. *G. Bogert Trusts & Trustees* § 970; *Accounting and Compensation* at 203, (2d 1962); *76 Am.Jur.2d Trusts* § 518 at 737, (1975). There is little law on this point in Indiana, but it appears this rule has been applied. *See: Pohlmeyer v. Second National Bank of Richmond*, (1948) 118 Ind. App. 651, 81 N.E.2d 709; *Gary State Bank v. Gary State Bank*, (1936) 102 Ind.App. 342, 2 N.E.2d 814. In both cases, the court was dealing with beneficiaries' exceptions to an estate's accounts, filed by an executor and administrator respectively. The court stated:

> When exceptions are filed to an executor's or administrator's final report it has long been the established practice in this state to regard the report as constituting the complaint and the exceptions there to as the answer, thereby joining the issues upon which the cause is tried. (Citations omitted).

*Pohlmeyer*, 81 N.E.2d at 713; *Gary State Bank*, 2 N.E.2d at 816.

■ However, the general rule is subject to modification when a trustee files specific

accounts and make a *prima facie* showing that the accounts are proper. Once the trustee satisfies his burden of proof, the burden of persuasion shifts to the beneficiaries to produce contradictory evidence and to show specific instances of impropriety. *G. Bogert Trusts & Trustees, supra, 76 Am. Jur.2d, Trusts, supra, Henshie v. McPherson and Citizens State Bank,* (1955) 177 Kan. 458, 280 P.2d 937; *Jennings v. Speaker,* (1977) 1 Kan.App.2d 610, 571 P.2d 358; *Conant v. Lansden,* (1950) 341 Ill.App. 488, 94 N.E.2d 594, *reversed on other grounds,* (1951) 409 Ill. 149, 98 N.E.2d 773; *Title Guarantee & Trust Co. v. Wilby,* (1946) 78 Ohio App. 183, 69 N.E.2d 429. The issue is then a question of fact for the trier of fact. *Henshie v. McPherson, supra, Jennings v. Speaker, supra.*

██ In the case at bar, the Trustee presented detailed accounts. Once the propriety of the attorneys' fees was challenged, the Trustee introduced evidence explaining the number of hours billed, the hourly rate charged and the services performed for the Trust. The evidence revealed that Wickens, Wickens, and Wilke billed the Trust for 118 hours, at slightly over $50.00 per hour, for legal services rendered from March 20, 1976, to July 29, 1978. The appellants concede this is a reasonable hourly rate. Although the Trust was not docketed until August 1, 1978, the first distribution was made to it, pursuant to a family settlement agreement, in September, 1976. Additionally, the Trustee presented the following catalog of services performed for the period in question:

Tax return, preparation and planning conferences about Trust investment, sale, management and distributions.

Preparation of Trust reports and correspondence.

Appearance, brief and defense hearing in Suit to Dissolve Trust.

Sale of Real Estate, obtaining tax and mortgage clearance, preparation contract, deed and closing.

Rental of Farm land, negotiation and Contract.

Conferences with Accountants.

Enter appearance and preparation re suit for damages (venued to Rush County).

Preparation of Petition to Docket Trust, Notice and proposed Order.

Although the propriety of the fees charged to the Estate is not before us, we note by comparison that the Estate was billed for 260 hours at slightly less than $50.00 per hours for a total fee of $12,000. The estate's value exceeded $500,000 and this fee was roughly 2.4% of its value. This would seem a reasonable fee for an estate of this size and composition.

Don Wickens testified and specifically stated that no double billing occurred. He explained that initially his firm's billing records for the Trust and Estate were commingled, but ultimately separated and the appropriate hours calculated.

The Beneficiaries responded with allegations of double-billing, but did not point out any specific instances of single services which were charged to both the Trust and the Estate. We think it was incumbent on them to do so.

Given the evidence presented, we cannot say the trial court's decision approving the attorneys' fees for the First Current Account was clearly erroneous.

██ Turning to the Beneficiaries' allegation that the trial court erred by approving the current accounts because they incorrectly listed acreage for a parcel of farm land, we find no error. The Beneficiaries asserted the parcel actually contains 240.65 acres rather than 234.88 acres as listed in the current accounts. They introduced an expert's testimony to that effect.

Underlying the Beneficiaries' objection is the question of whether improperly listed acreage resulted in a low rental value for the farm. The Trustee rented the farm, as a whole farm, based upon approximately 196 tillable acres. The Beneficiaries asserted that the farm contained over 200 tillable acres. The Trustee relied on its examination of the farm and on an aerial map in reaching its estimate.

On November 5, 1979, the Beneficiaries agreed to the rental of the farm for $29,500 per year. The agreement specified that approximately 196 tillable acres were being rented. We do not think the Beneficiaries can now challenge the propriety of the rental agreement, which is in effect what their objection does, after approving the transaction. *G. Bogert Trusts & Trustees, supra.* See: *Pohlmeyer v. Second National Bank of Richmond, supra* (a case involving sales of a trust's stock which the beneficiaries approved.) If either the total acreage or tillable acreage was incorrect, the Beneficiaries should have raised the issue and withheld their approval.

For these reasons, the judgment of the court below is affirmed.

RATLIFF, P. J., and NEAL, J., concur.