**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 28 2014, 9:13 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**LISA M. JOHNSON**
Brownsburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELLEN H. MEILAENDER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DARYL GILBERT, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1401-CR-37 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Marc T. Rothenberg, Judge
Cause No. 49G02-1209-MR-62371

**August 28, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**SHARPNACK, Senior Judge**

## STATEMENT OF THE CASE

Daryl Gilbert appeals his convictions of murder, a felony, Ind. Code § 35-42-1-1 (2007), and possession of a firearm by a serious violent felon, a Class B felony, Ind. Code § 35-47-4-5 (2012). We affirm.

## ISSUES

Gilbert raises one issue: Whether his convictions on retrial following a mistrial violate the Indiana Constitution.

The State raises one issue in response, which is dispositive: Whether Gilbert has waived appellate review of his Indiana constitutional claims.

## FACTS AND PROCEDURAL HISTORY

The State charged Gilbert with murder and possession of a firearm by a serious violent felon in connection with the shooting death of Aaron Adams. The case was bifurcated. The murder charge was tried to a jury, and Gilbert was tried with his co-defendant, Tiandre Harris. The jury deadlocked, so Gilbert and the State both moved for a mistrial. Appellant's App. p. 19. The trial court granted the motion and subsequently scheduled a second jury trial. Gilbert did not object to the new trial date.

The second trial began on December 9, 2013. Gilbert and Harris were once again tried jointly. Gilbert did not raise any objection to the second trial on constitutional grounds. The jury determined that Gilbert was guilty of murder. Next, the possession charge was tried to the bench, and the court determined that Gilbert was guilty. The court sentenced Gilbert accordingly, and this appeal followed.

2

DISCUSSION AND DECISION

Gilbert argues that his retrial violated the Indiana Constitution, specifically article one, section twelve (the due course of law clause) and article one, section fourteen (the double jeopardy clause). The State contends that Gilbert has waived his constitutional claims. We agree with the State.

Gilbert did not file a reply brief or otherwise respond to the State's argument. The procedural posture of this issue is substantively equivalent to the case where an appellee fails to file an appellee's brief. *In re Riddle*, 946 N.E.2d 61, 70 (Ind. Ct. App. 2011). Thus, we review the State's waiver argument for prima facie error. *Id.* In such a circumstance, it is not our responsibility to develop arguments for the non-responding party. *Id.*

As a general rule, the failure to object at trial results in waiver of an issue on appeal. *Bruno v. State*, 774 N.E.2d 880, 883 (Ind. 2002). The rule of waiver in part protects the integrity of the trial court in that the trial court cannot be found to have erred as to an argument that it never had an opportunity to consider. *T.S. v. Logansport State Hosp.*, 959 N.E.2d 855, 857 (Ind. Ct. App. 2011), *trans. denied*.

Here, Gilbert never objected to being retried, and he never argued to the trial court that retrial would violate the Indiana Constitution. He has thus waived his constitutional claims for appellate review. *See State v. Friedel*, 714 N.E.2d 1231, 1236 (Ind. Ct. App. 1999) (State waived challenge to defendant's standing by failing to present claim to the trial court).

There is an additional ground for waiver of Gilbert's double jeopardy claim. If a defendant moves for or consents to the termination of a proceeding after jeopardy has attached, he forfeits his right to raise double jeopardy in further proceedings unless the motion was necessitated by governmental conduct, which conduct was intended to provoke the defendant into seeking to terminate the proceedings. *Emmons v. State*, 847 N.E.2d 1035, 1038 (Ind. Ct. App. 2006).

In this case, Gilbert and the State jointly moved for a mistrial during the first trial, and he has not alleged that the mistrial was made necessary by the State's conduct. He is thus barred from raising a double jeopardy claim on appeal. *See id.* (defendant's double jeopardy claim barred because defendant moved to dismiss the charges and the State did not provoke a mistrial).[1]

## CONCLUSION

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

NAJAM, J., and BROWN, J., concur.

---

[1] Gilbert does not argue that retrial amounted to fundamental error.