## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 15 2016, 8:04 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Hilary Bowe Ricks
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Keith Sculfield,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

June 15, 2016

Court of Appeals Case No.
49A02-1511-CR-1807

Appeal from the Marion Superior Court

The Honorable Mark Stoner, Judge

Trial Court Cause No.
49G06-1411-F2-52683

**Robb, Judge.**

# Case Summary and Issues

[1] Twenty-year-old Keith Sculfield pleaded guilty to robbery resulting in serious bodily injury ("Count I") and attempted robbery resulting in serious bodily injury ("Count II"), both Level 2 felonies. Due to double jeopardy concerns, the trial court only entered judgment of conviction on Count II and sentenced Sculfield to twenty-five years in the Indiana Department of Correction with five years suspended and two years of probation. Sculfield appeals his sentence, raising two issues for our review: (1) whether the trial court abused its discretion in sentencing him, and (2) whether Sculfield's sentence is inappropriate in light of the nature of the offense and his character. The State cross-appeals, raising the sole issue of whether the trial court erred in not entering a judgment of conviction as to Count I. Concluding the trial court did not abuse its discretion and Sculfield's sentence is not inappropriate, we affirm his sentence. However, because convictions on Counts I and II do not implicate the prohibition against double jeopardy, we reverse and remand.

# Facts and Procedural History

[2] On November 20, 2014, Sculfield and another individual robbed Tire and Wheel Service in Indianapolis. After entering the shop, Sculfield pointed a revolver at Bradley Brooks, the shop's owner, and took $600 from Brooks' pocket; Sculfield also confronted Christina Clark, an employee of the store, and demanded her purse. When Clark reached for a gun under the counter, Sculfield shot her in the neck. Because the bullet lodged against her spine,

Clark suffered serious bodily injury and permanent disfigurement. Security cameras recorded the entire encounter and police officers were able to identity Sculfield as one of the perpetrators.

[3] On November 24, 2014, the State charged Sculfield with Count I, robbery resulting in serious bodily injury, a Level 2 felony; Counts II and III, attempted robbery resulting in serious bodily injury, both Level 2 felonies; Count IV, criminal confinement, a Level 3 felony; Count V, aggravated battery, a Level 3 felony; and Count VI, carrying a handgun without a license, a Class A misdemeanor. Count I of the charging information alleges,

> On or about November 20, 2014, Keith Sculfield and Cortez Sanders did knowingly take property, that is, U.S. currency, from another person or the presence of another person, that is, Bradley Brooks, by using force, threatening the use of force, or placing another person in fear, and while doing so Christina Clark sustained serious bodily injury, that is, a gunshot wound to neck .
> . . .

Appellant's Appendix at 21. Count II alleges,

> On or about November 20, 2014, Keith Sculfield and Cortez Sanders did attempt to commit the crime of Robbery Resulting in Serious Bodily Injury, which is to knowingly take property from another person or the presence of another person by using force, threatening the use of force, or placing another person in fear, resulting in serious bodily injury to a person other than the defendant, by engaging in conduct, that is, pointing a handgun at Christina Clark and demanding her purse, that constituted a substantial step toward the commission of the crime of Robbery Resulting in Serious Bodily Injury, and resulted in serious bodily injury to Christina Clark, that is, gunshot wound to the neck . . . .

*Id.*

[4] On the first day of trial, Sculfield entered into a plea agreement with the State and pleaded guilty to Counts I and II. In exchange for Sculfield pleading guilty, the State agreed to dismiss the remaining charges. The agreement left the sentence to the discretion of the trial court. The trial court accepted the guilty pleas, ordered a pre-sentence investigation report, and scheduled a sentencing hearing.

[5] During the pre-sentence investigation interview, Sculfield stated he has regularly consumed alcohol since he was sixteen years old, marijuana since he was thirteen years old, and opiates since he was eighteen years old. Sculfield also admitted he used marijuana and opiates on a daily basis prior to his arrest and was under the influence of drugs when he robbed the shop. Sculfield was previously ordered to attend drug treatment counseling as a condition of probation but was ultimately terminated from the program due to his failure to attend. In addition, the pre-sentence investigation report indicates a lengthy criminal history, including five felony convictions as an adult, and numerous probation violations. Specifically, it indicates Sculfield violated probation in failing to submit to drug tests, failing to comply with substance abuse counseling, failing drug tests, and incurring new arrests. The report also indicates Sculfield has a high risk of reoffending.

[6] At the sentencing hearing, Sculfield argued the trial court should enter judgment of conviction on Count I as a Level 5 felony instead of as a Level 2

felony due to the prohibition against double jeopardy; both the trial court and the State agreed.[1] In its sentencing statement, the trial court found, as mitigating circumstances, Sculfield's acceptance of responsibility, hardship on his family, and his drug addiction, but gave each factor little weight. In terms of aggravating circumstances, the trial court noted Sculfield's extensive criminal history, numerous violations of probation, and his failure to take advantage of opportunities to address his drug problem. The trial court concluded the aggravators outweighed the mitigators.

[7] However, at no point did the trial court state it was entering a judgment of conviction as to either Count and the record does not contain an abstract of judgment. Despite these omissions, the trial court stated it intended to sentence Sculfield to five years in the Department of Correction on Count I, to be served concurrently to Sculfield's sentence on Count II. As to Count II, the trial court stated it intended to sentence Sculfield to twenty-five years in the Department of Correction with five years suspended and two years of probation. Following the sentencing hearing, the trial court issued a signed sentencing order, entering judgment of conviction on Count II and sentencing Sculfield to twenty-five years in the Department of Correction with five years suspended and two years of probation. The sentencing order further states judgment of conviction was

---

[1] The record does not indicate the State formally amended the charging information.

not entered on Count I "due to double jeopardy rule."[2]  *Id*. at 15.  Therefore, the trial court only entered judgment of conviction and sentenced Sculfield on Count II.  This appeal and cross-appeal ensued.

# Discussion and Decision

## I.  Sentencing

### A.  Standard of Review

[8]  We review a trial court's sentencing decision for an abuse of discretion. *Anglemyer v. State,* 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g,* 875 N.E.2d 218.  An abuse of discretion occurs when the trial court's decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom."  *Id.* (citation omitted).  A trial court may abuse its discretion in failing to enter a sentencing statement, finding aggravating or mitigating circumstances unsupported by the record, or noting reasons that are improper considerations as a matter of law.  *Id.* at 490-91.  However, a trial court does not abuse its discretion in failing to properly weigh mitigating and aggravating circumstances.  *Id*. at 491.

---

[2] The Chronological Case Summary also notes "Judgment of Conviction not entered on count 1 due to double jeopardy rule.  Count 1 is proven by plea agreement as a Level 5 felony."  Appellant's App. at 13.

In addition, Indiana Appellate Rule 7(B) provides, "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden of persuading this court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Whether we regard a sentence as inappropriate turns on "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). Finally, we note the principal role of appellate review is to "leaven the outliers," not achieve the perceived "correct" result in each case. *Id*. at 1225.

## B. Aggravating and Mitigating Circumstances

Sculfield contends the trial court abused its discretion in not giving enough weight to certain mitigating circumstances and too much weight to certain aggravating circumstances. Specifically, he argues the trial court should have given more weight to his guilty plea, the hardship on his children, and his drug addiction, and additionally gave too much weight to a prior juvenile robbery charge. He does not argue the trial court abused its discretion in *failing to identify* certain mitigating circumstances or *finding* certain circumstances unsupported by the record. As the State correctly points out, Sculfield's arguments fail because the trial court cannot abuse its discretion in failing to give proper weight to mitigating and aggravating circumstances. *See Anglemyer*, 868 N.E.2d at 491.

# C. Inappropriate Sentence

[11] Sculfield further contends his sentence is inappropriate in light of the nature of the offense and his character. The trial court entered judgment of conviction on Count II, attempted robbery resulting in serious bodily injury, a Level 2 felony. As to the nature of the offense, the advisory sentence is the starting point the legislature selected as an appropriate sentence for the crime committed. *Id.* at 494. Pursuant to Indiana Code section 35-50-2-4.5, "A person who commits a Level 2 felony shall be imprisoned for a fixed term of between ten (10) and thirty (30) years, with the advisory sentence being seventeen and one-half (17 ½) years." The trial court sentenced Sculfield to twenty-five years in the Department of Correction with five years suspended and two years of probation. We note Sculfield entered the shop carrying a revolver and demanded Clark hand over her purse. When Clark reached under the counter, Sculfield shot her in the neck and the bullet lodged against her spine causing her seriously bodily injury and permanent disfigurement. As the trial court stated at sentencing, Sculfield is "lucky" Clark survived the shooting.

[12] As to Sculfield's character, he was twenty years old when he committed these crimes, and in his short adult life, Sculfield has now been convicted of six felonies. Despite these numerous convictions, Sculfield has often received probation, which he violated multiple times. In fact, Sculfield was on probation at the time he committed the current offense. This complete disregard for authority indicates Sculfield has learned nothing from his recent encounters with the law and has squandered multiple opportunities to be placed on

probation. *See Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007) ("Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled."). We further note Sculfield has continuously failed to take advantage of drug-treatment services. *Cf. Bryant v. State*, 802 N.E.2d 486, 501 (Ind. Ct. App. 2004) (holding the trial court did not err in concluding the defendant's substance abuse was an aggravating factor where the record showed he "was aware of his drug and alcohol problem, yet he had not taken any positive steps to treat his addiction"), *trans. denied*. Finally, we note Sculfield was previously convicted of five felonies, including residential entry, automobile theft, possession of cocaine, and resisting law enforcement. It is apparent Sculfield's current offense represents a violent escalation in the seriousness of his crimes. Given Sculfield's extensive criminal history at such a young age, complete disregard for authority, and inability to take advantage of previously lenient sentences and drug treatment services, we conclude his sentence is not inappropriate in light of the nature of the offense and his character.

# II. Double Jeopardy

## A. Standard of Review

[13] The State contends the trial court erred as a matter of law in not entering judgment of conviction due to concerns of implicating double jeopardy despite the parties agreeing at sentencing judgment of conviction on Count I should be

entered as a Level 5 felony.[3]  After accepting a plea of guilty, a trial court shall enter a judgment of conviction.[4]  Ind. Code § 35-38-1-1.

[14]   Article 1, Section 14 of the Indiana Constitution provides, "No person shall be put in jeopardy twice for the same offense."

> [T]wo or more offenses are the "same offense" in violation of Article I, Section 14 of the Indiana Constitution, if, with respect to *either* the statutory elements of the challenged crimes *or* the

---

[3] The State requests we remand to the trial court with instructions to enter judgment of conviction and a sentence on Count I.  Sculfield did not file a response to the State's cross-appeal issue.  We believe the procedural posture of this cross-appeal is substantively equivalent to situations where an appellee does not provide an appellee brief.  *See In re Riddle*, 946 N.E.2d 61, 70 (Ind. Ct. App. 2011).  In instances where no answer brief is filed, the judgment may be reversed if the appellant presents a prima facie case of error.  *Id*.  The purpose of this rule is to relieve us from the burden of controverting arguments advanced for reversal.  *Id*.  Here, we are tasked with examining the State's cross-appeal issue without the benefit of a rebuttal brief.  Therefore, we will remand to the trial court if the State presents a prima facie case of error.  *See id*.

[4] In the charging information, Counts I and II were enhanced to Level 2 felonies due to the allegation Clark suffered serious bodily injury.  Sculfield pleaded guilty to each count and the trial court accepted both pleas.  However, at the sentencing hearing, the parties became concerned of implicating double jeopardy because both charges were enhanced due to the allegation Clark, and only Clark, suffered serious bodily injury.  *See Smith v. State*, 872 N.E.2d 169, 177 (Ind. Ct. App. 2007) (stating "if the same bodily injury" is used to enhance two separate offenses, "entering judgment of conviction for both counts would be improper"), *trans. denied*.  Therefore, the parties agreed at the sentencing hearing Sculfield would plead guilty to Count I as a Level 5 felony for knowingly taking property from Brooks by the use of force or by threatening the use of force thereby removing any double jeopardy concerns.  In addition, the trial court stated during the sentencing hearing it was sentencing Sculfield on Count I to five years in the Department of Correction to be served concurrently with the sentence on Count II.  However, the trial court never stated it was entering judgment of conviction on either count during the sentencing hearing.  Rather, despite the parties' agreement, the trial court—after accepting both pleas at the guilty plea hearing and adjourning the sentencing hearing without entering judgment of conviction on either count—issued a signed sentencing order entering judgment of conviction only on Count II due to concerns Count I, as a Level 5 felony, was barred by the prohibition against double jeopardy.  As a result, the State did not have an opportunity to address the trial court's concern that Count I implicated double jeopardy. In addition, the trial court did not enter an abstract of judgment.

We take issue with the fact the trial court stated it was sentencing Sculfield on each count without first entering judgment of conviction on either count.  The trial court has no power to enter a sentence without first entering judgment of conviction and therefore the trial court erred in this regard.  In addition, we note the record does not contain an abstract of judgment, but merely a signed sentencing order explaining why the trial court was not entering judgment of conviction on Count I. On remand, the trial court is to enter a proper abstract of judgment.

actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense.

*Cross v. State,* 15 N.E.3d 569, 571 (Ind. 2014) (alteration and emphasis in original) (quoting *Richardson v. State,* 717 N.E.2d 32, 49 (Ind. 1999)). We review double jeopardy claims de novo. *Strong v. State,* 29 N.E.3d 760, 766 (Ind. Ct. App. 2015).

Under the actual evidence test, we examine the actual evidence presented at trial in order to determine whether each challenged offense was established by separate and distinct facts. To find a double jeopardy violation under this test, we must conclude that there is a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense. The actual evidence test is applied to all the elements of both offenses.

*Garrett v. State,* 992 N.E.2d 710, 719 (Ind. 2013) (citations and internal quotation marks omitted). "In other words . . . the Indiana Double Jeopardy Clause is not violated when the evidentiary facts establishing the essential elements of one offense also establish only one or even several, but not all, of the essential elements of a second offense." *Spivey v. State,* 761 N.E.2d 831, 833 (Ind. 2002).

## B. Robbery and Attempted Robbery

[15] Pursuant to Indiana Code section 35-42-5-1,

A person who knowingly or intentionally takes property from another person or from the presence of another person:

> (1) by using or threatening the use of force on any person; or

> (2) by putting any person in fear;

commits robbery, a Level 5 felony. However, the offense is a Level 3 felony if it is committed while armed with a deadly weapon or results in bodily injury to any person other than a defendant, and a Level 2 felony if it results in serious bodily injury to any person other than a defendant.

*See also* Ind. Code § 35-41-5-1(a) (defining attempt).

[16] We conclude Counts I and II were established by separate and distinct facts. The factual basis supporting Count I was that Sculfield pointed the revolver at Brooks and took $600 dollars from his pocket. Count II alleged Sculfield attempted to take property from Clark by the use of force or by threatening the use of force, causing serious bodily injury to Clark. The factual basis supporting Count II was that Sculfield attempted to steal Clark's purse, and in so doing, shot her and caused serious bodily injury. Because each count is supported by separate and distinct facts, we conclude the trial court erred in not entering judgment of conviction on Count I as a Level 5 felony.

# Conclusion

[17] The trial court did not abuse its discretion in sentencing Sculfield and Sculfield's sentence is not inappropriate in light of the nature of the offense and his character. The trial court did err, however, in not entering judgment of conviction on Count I. Accordingly, we affirm in part, reverse in part, and remand with instructions the trial court enter an abstract of judgment reflecting entry of judgment of conviction on Counts I and II, with Count I as a Level 5 felony, and then impose the sentence entered during the sentencing hearing.

[18] Affirmed in part, reversed in part, and remanded with instructions.

Najam, J., and Crone, J., concur.